IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 19-cr-0622-JDW |
| v. : | |
| : | |
| JOSE SANTIAGO : | |

## MEMORANDUM

Jose Santiago's Motion for Reconsideration (ECF No. 20) rests on two flawed assumptions that require the Court to deny the Motion. The purpose of this Memorandum is to address each of them. Because the Court will not have jurisdiction after today, it writes without the benefit of the Government's response.

*First*, Federal Rule of Criminal Procedure 35(a) does not permit the Court to revisit whether it should have imposed house arrest. The Rule provides, "Within 14 days after sentencing the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Mr. Santiago does not suggest that the Court's sentence resulted from arithmetical or technical error. He has to rely on the "other clear error" language in the rule. But Rule 35 prohibits courts from engaging in second thoughts about sentencing decisions. *See United States v. Johns*, 332 F. App'x 737, 739 (3d Cir. 2009). As the Advisory Committee note to the Rule explains, the Rule only gives the Court the authority to correct an error that "would almost certainly result in a remand of the case . . .." Fed. R. Crim. P. 35 Adv. Comm. Note (1991 amendments). The rule should not be used "to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion . . .." *Id.* The question of home confinement that Mr. Santiago raises now is

one that fell within the Court's discretion at the sentencing hearing. It is therefore not appropriate for review under Rule 35(a).

*Second*, Mr. Santiago is wrong in his assumption that the Court did not consider home confinement as a sentencing option at the hearing. At the sentencing hearing, the Court discussed with the parties several different sentencing options, including probation. No one used the words "home confinement" at sentencing, but that does not mean that the Court did not consider it during its preparation for the hearing. The Court considered many options as it assessed this case. It did not recite and reject them all, nor did it have to do so. It did note on the record that it had considered the various sentencing options available to it. Mr. Santiago's Motion fails because it rests on the premise that the Court did not consider home detention.

Finally, the Court notes that whether Mr. Santiago's home confinement falls under the rubric of probation or home detention as a condition of supervised release, the Court's reasoning at the hearing remains the same. In the Court's view, individuals like Mr. Santiago, who commit crimes while suffering a significant physical disability, should not do so with impunity. The Court is mindful of the risk that Covid-19 poses to Mr. Santiago, and it delayed his reporting date accordingly. But the Court remains of the view that Mr. Santiago's crime requires some incarceration, consistent with the Sentencing Guidelines.

For all these reasons, the Court will deny the Motion.  An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
Joshua D. Wolson
United States District Judge

**DATED:**  August 19, 2020